The opinion of the Court was delivered by
Glover, J.
On the 25th July, 1820, George O’Dom executed a deed of the following purport: “I have given, granted and confirmed, and by these presents, do give, grant and confirm unto my beloved children, Lucy D. O’Dom, George R. O’Dom and Allen Madison O’Dom, the following negro slaves, that is to say — -unto George R. O’Dom, one negro, girl named Nanny, together with her future issue,” &c., “ when they, and each of them shall have arrived at and fully attained the age of twenty-one years, and not before, to have, hold and enjoy, all *537 and singular, the said negro slaves, unto the said George R. O’Dom,” &c., “their children, heirs, executors, administrators or assigns forever, to their, and each of their proper use, benefit and behoof: provided always, nevertheless, and it is hereby expressly understood to be the true intent and meaning of these presents, that if either or any one of my children above mentioned-shall die before he, she or they shall have arrived at and fully attained the age of twenty-one years and should leave no child or children of their bodies begotten, then, in that case, the above mentioned negro slaves,” &c., “to be equally divided among all or any of my children- herein above mentioned, and their children, who shall or may then be living, the child or children of those who may happen to have deceased to take such share or part as his, her or their deceased father or mother — as the case may be — would have been entitled to. And provided, also, if it should so happen, that all my said children, above mentioned, should die before they arrive át and fully attain the age of twenty-one years; or if it should so happen, that they should all die after they have arrived at and fully attained the age of twenty-one years, and should leave no child or children of their bodies begotten, to whom the said negro slaves,” &c., “ might descend by virtue of these presents, then, and in such case, all and singular, the said negro slaves,” &c., “shall, and is and are to revert back to me, and become a part and parcel of my personal estate, and to be subject to my control, and their future disposition, and to the disposition, control and disposal of my executors, administrators and assigns forever.”
The deed was never recorded, nor was it seen ’till after the death of George O’Dom, in 1839. On the 7th November, 1842, George R. O’Dom sold Nanny and her children to the defendant, and died in April, 1851. The plaintiffs are his children, and have brought this action against the defendant, to recover the value of Nanny and her children.
The presiding Judge says, “there is only one point now made in the case, and if I was wrong in that, then the plaintiffs ought to have a new trial, unless the Court should be of opinion *538 that, on the construction of the deed, the plaintiffs took no interest. I confess my own view of the case was, that that might be the final result of the case; but, on the circuit, I thought it was best to hold the limitation good. I thought, however, that a deed never recorded, locked up in a desk, or kept in the pocket of the grantor or one of the donees, was such a fraud as would, against a subsequent purchaser, without notice, defeat it. I so instructed the jury, and they found for the defendant.”
The opinion of this Court respecting the interests of the plaintiffs, under the deed of George O’Dom, makes it unnecessary to express any judgment on the ground of appeal on which, the motion for a new trial rests. Most of the authorities relied upon by the counsel, and much of the argument, apply to cases involving principles which regulate testamentary dispositions of property. The principle adopted in the construction of the bequest in Bell’s will (Henry & Talbird vs. Archer, Bail. Eq., 535,) has been referred to in argument, and applied to this case; and it is insisted that as the limitation over, is not after an indefinite failure of issue, the children of George B,. O’Dom take as purchasers. Admitting the application of such a rule to the construction of a deed, it does not necessarily follow that because the words used by the donor may give a good remainder over, the plaintiffs will therefore take as purchasers. The contingency on which the limitation is to take effect, is, if either of his children should die before he or she should have arrived at the age of twenty-one years, and should leave no child or children, of their bodies begotten; or if they should all' die before they arrive at the age of twenty-one years, or after they have arrived at the age of twenty-one years, and should leave no child or children, of their bodies begotten, &c., over. These words are unlike those used in Bell’s will, which provided only for the event of the death of the' legatee without leaving issue of her body, alive, and which “ create that necessary alternation between the limitation over, and the direct gift to the issue as purchasers.” The first contingency provided for in this deed, on which Nanny and her increase are limited over, is, if George *539 R. O’Dom shall die before, twenty-one, and shall leave no child or .children of his body, then the property i? to be equally divided among such of the children as may then be living and the children of those who may have deceased. These words are equivalent to those used in William Waller’s will, (Ward ads. Waller, 2 Sp., 786,) without the necessity of changing the disjunctive or. If he attained to twenty-one, and then died without leaving issue, the remainder over would not have taken effect. “In this view,” says Judge Wardlaw in Ward and Waller, “ the executory legatees were not alternates provided to take in lieu, and in default, of issue living at the death, but their right so depended upon such default of issue occurring within a particular time, that death after that time might confer nothing upon them, although no issue was left to exclude them.”
The second contingeccy provides that if all the donor’s children shall die under age; or if they shall all die after they have attained to the age of twenty-one years, and shall leave no child or children, of their bodies begotten, then the property to revert back to the donor. The event here contemplated was that if all his children should die either before or after they attained to twenty-one years, without leaving issue, then the property to revert; and. this contingency is not inconsistent with the provision for his surviving children, on the event, that if either or any one of them should die under age, and leave no child or children of their bodies.
The language used in this deed, and the contingencies provided for, are so similar to those in William Waller’s will, that it will be necessary only to refer to the very satisfactory distinctions there made, between a bequest to A, and his issue, with a limitation over in the event of his leaving no issue; and a bequest to A and his issue with a limitation over, if A die underage, and without leaving issue. In the former case the limitation over being good, it was held in Henry and Talbird vs. Archer, that the issue take as purchasers; in the latter, “ the limitation over,” as was said in Ward and Waller, “ had no *540 necessary connexion with the time of death; but the intention seemed to be, that if A should attain the age of twenty-one, no restriction of his estate should exist, by limitation over, or otherwise.”
George R. O’Dom having attained to the age of twenty-one years, a contingency provided for in the deed, his interest in Nanny and her issue became absolute, and consequently the sale to defendant conferred the legal ownership. But construing the deed by the rules which are strictly applicable to gifts inter vivos, it is not perceived that the plaintiffs had any other than a transmissible interest. A deed takes effect in presentí, and those who claim.a direct gift by deed, must show delivery, either actual, or constructive, and that they were not only the beneficiaries contemplated by the donor, but that they were in esse at the time the deed was executed.
“ If there be a person to answer the description, at that time, it will never be applied to another coming afterwards into existence, who may come within the terms of the description.” (McMeeken vs. Brummet, 2 Hill, Ch. 638.) The donor might have reserved to himself an estate for life, or he might have given a future contingent interest to those not in esse ; but such an intention is not expressed, nor is such the legal effect of the deed.
The motion is dismissed.
O’Neall, Wardlaw, Withers and Whitner, JJ., concurred.

Motion dismissed.